Stanard, J.
The objection urged to the first count is, that the matter set forth in it as the source of the indebtedness therein alleged of the defendant to the plaintiff, is a tort, for which the action of assumpsit is not the proper remedy. This objection is, I think, not ■well founded. That count substantially states a contract between the plaintiff and defendant, that the plaintiff should receive for and deliver to the defendant a quantity of iron of given value; the performance of the contract by the plaintiff; the resulting duty of the defendant to account and pay for it to the party from ■whom the plaintiff had received it, so as to protect the plaintiff from responsibility to that party; the failure of the defendant to perform that duty, and the consequent claim, on, and suit and judgment against the *351 plaintiff, and the payment of the amount thereof. For whatever the plaintiff was entitled to recover in such a case, the action of assumpsit’was a proper remedy. The doubts I have had respecting the sufficiency of the count are, 1st. Whether indebitatus assumpsit would lie in such a case; 2d. Whether, though, in respect to the amount that the plaintiff had been compelled to pay for the iron, it be the proper remedy, it be so for the costs that were recovered of the plaintiff in the suit against him for the iron ; and 3d. If not the proper remedy for the costs, whether the union of the claim for the costs with that for the amount recovered and paid as the value of the iron, in the same count, was not a fatal defect of that count.
That the plaintiff might,.in respect to the amount recovered of and paid by him as the value of the iron, support the action of assumpsit, and declare on an indebitatus assumpsit, and even use the general count for money paid to the use of the defendant, is a proposition free from any reasonable doubt. Where one man has paid, under legal compulsion, money which ought to have been paid by another, or where, under such compulsion, the property of one has been taken to discharge the debt of another, a remedy is afforded by this action in its most general form. Exall v. Partridge, 8 T. R. 308. This being so, it is not necessary to the decision of the question before the court on the demurrer to the first count, that the other doubts I have indicated should be minutely investigated and solved. After much reflection, and against my first impressions, I am satisfied that if the defendant be responsible to the plaintiff for the costs, or rather, that to the extent that the defendant is responsible for the costs, the plaintiff may recover them in the like action wherein he can recover the amount for which he has been made chargeable for the value of the iron, by the suit in which those costs were recovered of him. His action, resulting from that suit *352 and judgment, must be integral; at least he cannot be compelled to take several remedies, to recover separate portions of the entire redress to which he is entitled. It has already been shewn that indebitatus assumpsit lies for a part of the recovery against him; and if not fpr the residue, it is because he is not entitled to charge the defendant with that residue, and no action lies for it. If it was not recoverable in any action, (and on this I give no opinion,) the question resulting on the demurrer, which pro hac vice must be taken as a general one, is whether, when the plaintiff claims by his count several sums as constituting the indebtedness of the defendant, some valid and some not so, the count is bad on general demurrer ? I think not. A general demurrer to a declaration containing one good and one bad count, would not be sustained.
The modern form of declaring in general indebitatus assumpsit, is to state in the same count several sources of indebtedness for several sums, and charge one assumpsit for the whole. Thus, one and the same count states that the defendant was indebted to the plaintiff in one sum for money had and received, in another sum for goods sold, in another sum for money paid &c. and being so indebted, in consideration thereof undertook and promised to pay the several sums before stated. Suppose such a count had stated that the defendant was indebted, in one of the sums, for so much money that he had promised to give the plaintiff: I cannot doubt that a general demurrer to the count would be overruled. The law distributes the assumpsit to so much of the cause or causes stated in the count as can sustain it, and measures its obligation by the dimensions of those causes; and if one cause be stated not sufficient to sustain the assumpsit in respect,to it, the defendant is to seek protection from that invalid claim, not by a general demurrer to the whole count, but by special demurrer, or by objection urged on the trial. This being *353 so, it is unnecessary to the decision upon the demurrer, that the question as to the defendant’s liability for the costs claimed by the plaintiff should be considered. And as it does not appear to the court from the record, that the costs were allowed, and included in the verdict of the jury, this court, though it were clearly of opinion that the costs were not recoverable, could not, on that opinion merely, found a judgment that the verdict was wrong, and the judgment of the court below upon it érroneous. My opinion therefore is that the judgment must be affirmed.
Parker and Cabell, J. concurred.
Tucker, P.
I defer to the opinion, of my brethren in this case, though I am compelled to acknowledge that I cannot even now divest myself of very strong doubts of the validity of the first count in the declaration.
Judgment affirmed.